## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**[1] HUMBERTO CONCEPCION-ANDRADES,**<br>    aka Alex Careta<br>    **Counts 1, 5**<br>**[2] JOSE COLON-GUZMAN,**<br>    **Counts 1, 4**<br>**[3] MIGUEL GARCIA-BLASCO,**<br>    aka Barea<br>    **Count 1, 6**<br>**[4] TITO DIAZ-SERRANO,**<br>    aka El Gordo<br>    **Count 1, 6**<br>**[5] TOMAS DOMINGUEZ-ROHENA,**<br>    aka El Negro<br>    **Count 1, 6**<br>**[6] ALEXANDER GAZMEY-SANTIAGO,**<br>    **Count 1, 6**<br>**[7] HAROLD OLIVERAS-LANDRAU,**<br>    aka Piquete<br>    **Count 1, 6**<br>**[8] RODNEY PEREZ-ORTEGA,**<br>    aka Quintana<br>    **Count 1, 6**<br>**[9] ANGEL ALMODOVAR-GARCIA,**<br>    **Counts 1, 2, 3**<br>**[10] DANEL GONZALEZ-GONZALEZ,**<br>    aka Sobri<br>    **Counts 1, 4**<br>**[11] MICHAEL DANET-DELGADO,**<br>    aka Danet<br>    **Count 1, 6**<br>**[12] JOSE PARIS-ROMERO,**<br>    aka Clemente<br>    **Count 1, 6**<br>**[13] JEAN OCASIO-CASTRO,**<br>    aka Princeso<br>    **Count 1**<br>**[14] ORBI VILLAR-ENRIQUEZ,**<br>    **Count 1, 6** | **I N D I C T M E N T**<br><br>**CRIM. NO. 17-**240 ( ccc )<br><br>Violations:<br>Title 21, U.S.C., § 841(a)(1)<br>Title 21, U.S.C., § 843(b)<br>Title 21, U.S.C., § 846<br>Title 18, U.S.C., § 1956(h)<br>Title 49 U.S.C., § 46314<br><br>Forfeitures:<br>Title 21, U.S.C., § 853<br>Title 18, U.S.C., § 982<br><br>SIX COUNTS &<br>FORFEITURE ALLEGATIONS<br><br> |

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

[15] HECTOR ORTIZ-BRIGNONI,
    Count 1, 6
[16] EDWIN ROSARIO-ROSARIO,
    Count 1, 6
[17] RAFAEL CORIANO-SIERRA,
    aka Coriano
    Count 1, 6
[18] LUIS DIAZ-COLON,
    aka LA
    Count 1, 6
[19] MIGUEL RUIZ-DELGADO,
    Count 1, 6
[20] DANIEL VELEZ-SANJURJO,
    aka Dany
    Count 1, 6
[21] MARCOS GONZALEZ-FIGUEROA,
    Count 1, 6
[22] BRIAN OTERO
    Count 1, 6
[23] FELIX ROSADO-COLON,
    Count 1, 2, 3
[24] AIMEE MONEGRO-POLANCO,
    Counts 1, 5
[25] CARL FRANK ZUBILLAGA,
    Count 1
[26] DAVID FIGUEROA-COLON,
    Count 1
Defendants.

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.    Defendant **[1] HUMBERTO CONCEPCION-ANDRADES** is the leader and supplier of a Drug Trafficking Organization (DTO) that smuggles multi-kilogram quantities of cocaine through the Luis Muñoz Marin International Airport (LMMIA) in Carolina, Puerto Rico.

2.    During the conspiracy, **[2] JOSE COLON-GUZMAN, [3] MIGUEL GARCIA-BLASCO, [4] TITO DIAZ-SERRANO [5] TOMAS DOMINGUEZ-ROHENA** and **[6]**

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

**ALEXANDER GAZMEY-SANTIAGO** were responsible for coordinating and facilitating narcotic smuggling ventures through LMMIA to the Continental United States.

3.     During the conspiracy, **[5] TOMAS DOMINGUEZ-ROHENA** was an employee of American Airlines at LMMIA and Miami International Airport.

4.     During the conspiracy, **[3] MIGUEL GARCIA-BLASCO** was an employee for JetBlue Airlines at LMMIA and is currently a Southwest Airlines employee at the Orlando International Airport.

5.     During the conspiracy, **[4] TITO DIAZ-SERRANO** was an employee for Antilles Services, an airport services company, at LMMIA.

6.     During the conspiracy, **[6] ALEXANDER GAZMEY-SANTIAGO, [7] HAROLD OLIVERAS-LANDRAU, [8] RODNEY PEREZ-ORTEGA, [11] MICHAEL DANET-DELGADO, [12] JOSE PARIS-ROMERO, [13] JEAN OCASIO-CASTRO, [14] ORBI VILLAR-ENRIQUEZ, [15] HECTOR ORTIZ-BRIGNONI, [16] EDWIN ROSARIO-ROSARIO** and **[17] RAFAEL CORIANO-SIERRA**, were employees of the International Meal Company, and worked at the Air Margaritaville restaurant, in LMMIA.

7. During the conspiracy, **[18] LUIS DIAZ-COLON, [19] MIGUEL RUIZ-DELGADO, [20] DANIEL VELEZ-SANJURJO, [21] MARCOS GONZALEZ-FIGUEROA** and **[22] BRIAN OTERO** were employees of American Airlines at LMMIA and worked in the cargo department.

<u>**COUNT ONE**</u>
**Conspiracy to Possess with The Intent to Distribute Controlled Substances**
**(Title 21, <u>United States Code</u>, Sections 841(a) and 846)**

Paragraphs One (1) through Seven (7) of the General Allegations are hereby realleged and incorporated in full.  Beginning on a date unknown, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

[1] HUMBERTO CONCEPCION-ANDRADES,
[2] JOSE COLON-GUZMAN,
[3] MIGUEL GARCIA-BLASCO,
[4] TITO DIAZ-SERRANO,
[5] TOMAS DOMINGUEZ-ROHENA,
[6] ALEXANDER GAZMEY-SANTIAGO,
[7] HAROLD OLIVERAS-LANDRAU,
[8] RODNEY PEREZ-ORTEGA,
[9] ANGEL ALMODOVAR-GARCIA,
[10] DANEL GONZALEZ-GONZALEZ,
[11] MICHAEL DANET-DELGADO,
[12] JOSE PARIS-ROMERO,
[13] JEAN OCASIO-CASTRO,
[14] ORBI VILLAR-ENRIQUEZ,
[15] HECTOR ORTIZ-BRIGNONI,
[16] EDWIN ROSARIO-ROSARIO,
[17] RAFAEL CORIANO-SIERRA,
[18] LUIS DIAZ-COLON,
[19] MIGUEL RUIZ-DELGADO,
[20] DANIEL VELEZ-SANJURJO,
[21] MARCOS GONZALEZ-FIGUEROA,
[22] BRIAN OTERO,
[23] FELIX ROSADO-COLON,
[24] AIMEE MONEGRO-POLANCO,
[25] CARL FRANK ZUBILLAGA,
[26] DAVID FIGUEROA-COLON,

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other, and with other persons unknown to the Grand Jury, to commit an offense against the United States of America: to distribute five (5) kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A).

### Object of the Conspiracy

The Drug Trafficking Organization used employees at LMMIA to smuggle multi-kilogram quantities of cocaine to the Continental United States.

4

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

## Manner and Means of the Conspiracy

During the course of the conspiracy, co-conspirators participated in various smuggling methods to smuggle multi-kilogram quantities of cocaine through LMMIA as listed herein, but not limited to:

## Bathroom Smuggling Method at LMMIA

During the conspiracy defendant, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to, including but not limited to, **[3] MIGUEL GARCIA-BLASCO. [3] MIGUEL GARCIA-BLASCO** or another facilitator would contact a mule, including but not limited to **[9] ANGEL ALMODOVAR-GARCIA, [25] CARL FRANK ZUBILLAGA** and **[26] DAVID FIGUEROA-COLON**. The mule would arrive at LMMIA, pass through TSA security and contact **[3] MIGUEL GARCIA-BLASCO** or another facilitator. **[3] MIGUEL GARCIA-BLASCO** or the other facilitator would indicate a specific bathroom that the mule would meet **[3] MIGUEL GARCIA-BLASCO** or another member of the DTO. Once inside the bathroom, the mule would receive the kilograms of cocaine from **[3] MIGUEL GARCIA-BLASCO** or another member of the DTO and place the cocaine into their carry-on luggage. The mule then boarded a flight to the Continental United States.

## American Airlines Smuggling Method

During the conspiracy defendant, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to, including but not limited to, **[3] MIGUEL GARCIA-BLASCO. [3] MIGUEL GARCIA-BLASCO** or another facilitator would then contact another facilitator **[4] TITO DIAZ-SERRANO. [4] TITO DIAZ-SERRANO** then contacted members of the DTO who worked for American Airlines at LMMIA.

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

The mules would enter LMMIA and hand their checked luggage, containing multi-kilogram quantities of cocaine, to member(s) of the DTO who were working at the American Airlines counter. The American Airline DTO member(s) would place a sticker onto the checked luggage indicating that the checked luggage had been cleared by TSA, when in fact it had not been cleared by TSA. The American Airline DTO member(s) would then place the checked luggage, containing the multi-kilograms of cocaine, with other checked luggage, which had been cleared by TSA. The checked luggage would then be loaded onto commercial airlines headed to the Continental United States.

### Air Margaritaville Restaurant Smuggling Method

During the conspiracy defendant, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to, including but not limited to, **[6] ALEXANDER GAZMEY-SANTIAGO**. **[6] ALEXANDER GAZMEY-SANTIAGO** and other facilitators then contacted members of the DTO who worked at the Air Margaritaville restaurant inside LMMIA.

**[12] JOSE PARIS-ROMERO**, among others, would receive the kilograms of cocaine from **[6] ALEXANDER GAZMEY-SANTIAGO** or another DTO member. **[12] JOSE PARIS-ROMERO**, among others, would then place the cocaine into the Black Coffee garbage chute at LMMIA, which moved the kilograms of cocaine past security into the secured area of LMMIA. Once the cocaine was removed from the trash chute, members of the DTO, including but not limited to, **[8] RODNEY PEREZ-ORTEGA** and **[13] JEAN OCASIO-CASTRO** would remove the cocaine and store it inside a locker in the employee locker room.

**[15] HECTOR ORTIZ-BRIGNONI, [17] RAFAEL CORIANO-SIERRA** or another member of the DTO, would later move the cocaine from the locker into the dishwashing area of the Air Margaritaville restaurant. **[16] EDWIN ROSARIO-ROSARIO, [12] JOSE PARIS-**

6

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

ROMERO among others, were waiters who delivered the cocaine inside Gustos Coffee Company coffee bags to mules, including but not limited to **[9] ANGEL ALMODOVAR-GARCIA, [25] CARL FRANK ZUBILLAGA** and **[26] DAVID FIGUEROA-COLON**. After receiving the coffee bags, which contained the cocaine, the mule boarded flights to the Continental United States. Each Gustos Coffee Company coffee bag contained approximately three (3) or four (4) kilograms of cocaine.

## Perfect Cleaning Services Inc. Smuggling Method

During the conspiracy defendant, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to, including but not limited to, **[10] DANEL GONZALEZ-GONZALEZ**. **[10] DANEL GONZALEZ-GONZALEZ** then would deliver the multi-kilograms of cocaine to members of the DTO who ultimately supplied the cocaine to an employee(s) of Perfect Cleaning Services Inc., a company that provides cleaning service at LMMIA.

The mule would arrive at LMMIA, go through TSA security and contact an employee of Perfect Cleaning Services Inc. The Perfect Cleaning Services Inc. employee met the mule inside a bathroom at LMMIA. The Perfect Cleaning Services Inc. employee and the mule would enter adjoining stalls inside the bathroom. The Perfect Cleaning Services Inc. employee would then slide a backpack or piece of luggage, containing multi-kilogram quantities of cocaine, to the mule under the center divider of the stalls. The mule would then take the backpack or luggage, containing multi-kilogram quantities of cocaine and board a flight to the Continental United States.

## American Airlines Cargo Smuggling Method

During the conspiracy defendant, **[4] TITO DIAZ-SERRANO** received multi-kilograms of cocaine from various DTO's. **[4] TITO DIAZ-SERRANO** would then facilitate a smuggling venture utilizing American Airlines cargo employees. Any American Airlines employee can ship

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

goods free via American Airlines flights. A DTO member would obtain the multi-kilogram shipment of cocaine hidden usually within boxed goods. The DTO member would also obtain an American Airlines employee ID and take both items to the American Airlines cargo counter at LMMIA. The DTO member would provide the ID to the counter employee, who was also a DTO member. The counter employee would then fill out the proper cargo paperwork and take the shipment to a member of the DTO who performed a security inspection on the shipment. The DTO member would clear the shipment and another DTO member would then place the shipment on a flight to the Continental United States.

### DHL Smuggling Method

During the conspiracy defendant, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to, including but not limited to **[10] DANEL GONZALEZ-GONZALEZ. [10] DANEL GONZALEZ-GONZALEZ** then would smuggle the multi-kilogram quantities of cocaine onto cargo planes headed to the Continental United States.

### Overt Acts

During the course of the conspiracy, co-conspirators performed overt acts as listed herein, but not limited to:

On or about October 26, 2014, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to **[3] MIGUEL GARCIA-BLASCO. [3] MIGUEL GARCIA-BLASCO** then contacted another facilitator **[4] TITO DIAZ-SERRANO. [4] TITO DIAZ-SERRANO** then contacted members of the DTO who worked for American Airlines at LMMIA.  On October 26, 2014, a mule entered LMMIA, with a suitcase containing multi-kilogram quantities of cocaine. The mule handed their suitcase to the American Airline counter employees who were DTO members.  These members then placed a

8

TSA sticker onto the luggage, indicating that they had been cleared by the TSA, when in fact it had not been cleared by TSA. The American Airline DTO members then placed the checked luggage, containing the multi-kilograms of cocaine, with other checked luggage, which had been cleared by TSA. The checked luggage was then loaded onto an American Airlines flight. On or about October 27, 2014, the Royal Canadian Mounted police contacted Homeland Security Inspection (HSI) Attaché in Toronto Canada in relation to checked luggage that had been erroneously routed to Toronto Pearson International Airport after it departed Puerto Rico. The destination of the checked luggage was La Guardia International Airport in New York. The Royal Canadian Mounted police discovered the luggage contained approximately thirteen and a half (13.5) kilograms of cocaine.

On or about January 25, 2015, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to **[3] MIGUEL GARCIA-BLASCO. [3] MIGUEL GARCIA-BLASCO** then contacted another facilitator **[4] TITO DIAZ-SERRANO. [4] TITO DIAZ-SERRANO** then contacted members of the DTO who worked for American Airlines at LMMIA. January 25, 2015, a mule entered LMMIA, with a suitcase containing multi-kilogram quantities of cocaine. The mule handed the suitcase to the American Airline counter employees who were DTO members. These members then placed TSA stickers onto the luggage, indicating that they had been cleared by the TSA, when in fact it had not been cleared by TSA. The American Airline DTO members then placed the checked luggage, containing the multi-kilograms of cocaine, with other checked luggage, which had been cleared by TSA. The checked luggage was then loaded onto an American Airlines flight. On or about January 25, 2015, ~~HIS~~ HSI agents at the La Guardia International Airport in New York arrested three (3) individuals and seized approximately sixteen (16) kilograms of cocaine.

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

On or about March 6, 2015, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to **[6] ALEXANDER GAZMEY-SANTIAGO. [6] ALEXANDER GAZMEY-SANTIAGO** contacted a member of the DTO who later received the cocaine from a DTO member.  A member of the DTO then placed the cocaine into the Black Coffee garbage chute at LMMIA, which moved the kilograms of cocaine past security into the secure part of LMMIA.  The cocaine was removed from the trash chute by a member of the DTO, who subsequently stored the cocaine in a locker in the Air Margaritaville restaurant employee locker room.  **[15] HECTOR ORTIZ-BRIGNONI** later removed the cocaine from the locker and transported it inside the Gustos Coffee Company coffee bags into the dishwashing area of the Air Margaritaville restaurant.  Authorities later seized approximately eighteen (18) kilograms of cocaine hidden inside six (6) Gustos Coffee Company coffee bags ~~coffee bags.~~

On or about June 14, 2015, **[1] HUMBERTO CONCEPCION-ANDRADES** supplied multi-kilograms of cocaine to a DTO facilitator who supplied the cocaine to **[10] DANEL GONZALEZ-GONZALEZ. [10] DANEL GONZALEZ-GONZALEZ** then provided the cocaine to other members of the DTO including Perfect Cleaning Services Inc. employees working at LMMIA.  Authorities at LMMIA later seized approximately thirty-six (36) kilograms of cocaine hidden inside a bathroom stall by Perfect Cleaning Services Inc. employees.

All in violation of Title 21, <u>United States Code</u>, Sections 846 and 841(a)(1) and (b)(1)(A).

## COUNT TWO
### (Attempted Possession With The Intent to Distribute Controlled Substances)
### (Title 21, <u>United States Code</u>, Sections 841(a))

On or about April 14, 2016, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[9] ANGEL ALMODOVAR-GARCIA,**
**[23] FELIX ROSADO-COLON,**

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

the defendants herein, did knowingly and intentionally attempted to possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1) and (b)(1)(B).

## COUNT THREE
**(Attempted Possession With The Intent to Distribute Controlled Substances)**
**(Title 21, <u>United States Code</u>, Sections 841(a))**

On or about January 16, 2017, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[9] ANGEL ALMODOVAR-GARCIA,**
**[23] FELIX ROSADO-COLON,**

the defendants herein, did knowingly and intentionally attempted to possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1) and (b)(1)(B).

## COUNT FOUR
**Use of Communication Facility in Causing or Facilitating the Commission of Felonies**
**Under the Controlled Substance Act**
**(Title 21, <u>United States Code</u>, Section 843(b))**

On or about April 18, 2016, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[2] JOSE COLON-GUZMAN,**
**[10] DANEL GONZALEZ-GONZALEZ,**

the defendants herein, did knowingly and intentionally use any communication facility, a cellular telephone, in facilitating the commission of any act or acts constituting a felony under Title 21, <u>United States Code</u>, Sections 841 and 846, that are offenses set forth in Count One of this Indictment incorporated by reference herein.

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

All in violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE
### Money Laundering
### Derived from Specified Unlawful Activity
### (Title 18, United States Code, Section 1956(h))

Paragraphs one (1) through seven (7) of the General Allegations are hereby realleged and incorporated as though fully set forth herein. Beginning on a date unknown, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

### [1] HUMBERTO CONCEPCION-ANDRADES,
### [24] AIMEE MONEGRO-POLANCO,

the defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is narcotics trafficking as described in Count One, with the intent to conceal the nature, source, location, ownership, or control of proceeds of the specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds represented the proceeds of some form of unlawful activity.

### Object of the Money Laundering Conspiracy

The Drug Trafficking Organization including but not limited to, **[1] HUMBERTO CONCEPCION-ANDRADES** and **[24] AIMEE MONEGRO-POLANCO** funneled narcotic proceeds through corporations and bank accounts, all to conceal the nature, source, location, ownership, or control of proceeds from unspecified unlawful activity.

### Manner and Means of the Conspiracy
### AASI Transporters, Inc.

AASI Transporters Inc. is a business created by **[1] HUMBERTO CONCEPCION-ANDRADES** and **[24] AIMEE MONEGRO-POLANCO** in Puerto Rico on November 21, 2011,

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

for the purpose of rental services and transportation rental. The businesses' main function is as a taxi service.  **[1] HUMBERTO** ~~MONEGRO~~ **CONCEPCION-ANDRADES** is authorized to operate two taxi services under Taxi Turistico.  **[24] AIMEE MONEGRO-POLANCO** is authorized to operate three taxi services under Taxi Turistico.  **[1] HUMBERTO** ~~MONEGRO~~ **CONCEPCION-ANDRADES** and **[24] AIMEE MONEGRO-POLANCO** then comingle deposits from narcotics proceeds along with their business proceeds in the AASI Transporters Inc. commercial bank account at Banco Popular de Puerto Rico, account number xxx-xxx014.

### AASI Documentation Services, Inc.

AASI Documentation Services, Inc. is a business created by **[24] AIMEE MONEGRO-POLANCO** in Puerto Rico on February 22, 2016, for the purpose of validation of documentation of laboratories of pharmaceutical manufacturing.  **[24] AIMEE MONEGRO-POLANCO** then comingles deposits from narcotics proceeds along with business proceeds in the AASI Documentation Services Inc. commercial bank account at Banco Santander Puerto Rico, account number xxxxxxxx763.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT SIX
**(Entering Aircraft or Airport Area in Violation of Security Requirements)**

Paragraphs One (1) through Seven (7) of the General Allegations are hereby realleged and incorporated in full.  Beginning on a date unknown, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[3] MIGUEL GARCIA-BLASCO,**
**[4] TITO DIAZ-SERRANO,**
**[5] TOMAS DOMINGUEZ-ROHENA,**
**[6] ALEXANDER GAZMEY-SANTIAGO,**
**[7] HAROLD OLIVERAS-LANDRAU,**
**[8] RODNEY PEREZ-ORTEGA,**
**[11] MICHAEL DANET-DELGADO,**

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

[12] JOSE PARIS-ROMERO,
[13] JEAN OCASIO-CASTRO,
[14] ORBI VILLAR-ENRIQUEZ,
[15] HECTOR ORTIZ-BRIGNONI,
[16] EDWIN ROSARIO-ROSARIO,
[17] RAFAEL CORIANO-SIERRA,
[18] LUIS DIAZ-COLON,
[19] MIGUEL RUIZ-DELGADO,
[20] DANIEL VELEZ-SANJURJO,
[21] MARCOS GONZALEZ-FIGUEROA,
[22] BRIAN OTERO,

the defendants herein, did unlawfully, and willfully entered, in violation of security requirements

prescribed under Title 49, United States Code Sections, 44901, 44903(b) and (c), and 44906,

including Title 49 of the Code of Federal Regulations Sections 1540.105 and 1540.111, an airport

area that serves an air carrier and foreign air carrier, with the intent to evade security procedures

and restrictions by knowingly and intentionally entering an airport area after bypassing security

requirements and procedures with five (5) kilograms or more of a mixture and substance

containing cocaine, and with the intent to commit, in the airport area, a felony under the law of the

United States, that is, the crime charged in Count One of this Indictment. All in violation of Title

49, United States Code, Section 46314(a) and (b)(2).

## NARCOTICS AND MONEY LAUNDERING
## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts One (1) through Five

(5) of this Indictment, pursuant to Title 21, United States Code, Section 853 and Title 18,

United States Code, Section 982(a)(l), each defendant who is convicted of one or more of the

offenses set forth in said counts, shall forfeit to the United States the following property:

a. Any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of such offenses (Title 21, United States Code, Section 853);

any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, the offenses (Title 21, United States Code, Section 853);

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

and any property, real or personal, involved in such offense, and any property traceable

to such property (Title 18, United States Code, Section 982(a)(1)). The property to be

forfeited includes, but is not limited to, the following:

1. All that lot or parcel of land, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Levittown Lakes in the Municipality of Toa Baja, Puerto Rico, more particularly described as:

   a. PROPERTY: 6485 RECORDED AT PAGE 146 OF VOLUME 97 OF TOA BAJA, REGISTRY OF THE PROPERTY OF BAYAMON II.

   b. URBAN: Lot Number D-49 located at Levittown Lakes in the Municipality of Toa Baja, Puerto Rico, with an area of 342.966 square meters. Bounding by the NORTH, in 14.50 meters with Marina Street in accordance to Plot Plan, Street number 403; by South in 14.62 meters, with Paseo Colector in accordance with Plot Plan, public walk way; by East in 23.24 meters with lot 48; by West in 24.64 meters with lot 50.

   c. On this lot a concrete structure for residential purposes has been erected.

   d. TRACT:
      i. It is segregate from property number 6,211 recorded at page 221 of volume 91 of Toa Baja.



U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,



2.  All that lot or parcel of land, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Rio Grande Estates in the Municipality of Rio Grande, Puerto Rico, more particularly described as:

    a.  PROPERTY: 22189 RECORDED AT ENTRY 383 BOOK 264 OF RIO GRANDE, REGISTRY OF THE PROPERTY OF CAROLINA III.

    b.  URBAN: Lot identified with the number 60 Block "V", Rio Grande Estates Development, Zarzal Ward in the Municipality of Barceloneta, Puerto Rico, with an area of 315 square meters. Its boundaries are by the NORTH, with lot number 59, in a distance of 23 meters; by the SOUTH, with lot number 61, in a distance in a distance of 23 meters; by the EAST, with lots 73 and 74 in a distance of 13.5 meters; by the WEST; with street number 25, in a distance of 13.05 meters.

    c.  On said lot enclave a concrete house for residential purposes.

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

3. Diamond studded earrings in the form of panther heads.



4. Rolex watches and other watches.



U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,





U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

    5.  Family pet Tiger



b.  A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted, to wit: four million dollars ($4,000,000.00) in U.S. Currency. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

c.  If any of the property described above, as a result of any act or omission of the defendants:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

U.S. v. HUMBERTO CONCEPCION-ANDRADES et al.,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, <u>United States Code</u>, Section 853(p) and Title 18, <u>United States Code</u>, Section 982(a)(l) and

Rule 32.2(a) of the Federal Rules of Criminal Procedure.

TRUE BILL

FOREPERSON
DATE    4/10/17

ROSA EMILIA RODRÍGUEZ-VÉLEZ
UNITED STATES ATTORNEY

Jose Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division

Julia Diaz-Rex
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit

Stuart J. Zander
Assistant U.S. Attorney