IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-240 (CCC)

[1] HUMBERTO CONCEPCION-ANDRADES,
Defendant.

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure)

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capo-Iriarte, Assistant United States Attorney, Chief of the Criminal Division, Max Perez-Bouret, Assistant United States Attorney, Chief of the Narcotics Unit, and José A. Contreras, Assistant United States Attorney, and Humberto Concepcion-Andrades, Defendant, by and through defendant's counsel, Francisco Rebollo-Casalduc, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and Local Rule 111, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

## I. COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to Counts One and Five of the Indictment.

Count One charges that beginning on a date unknown, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the

jurisdiction of this Court, the defendants did knowingly and intentionally combine, conspire, confederate, and agree together with each other, and with other persons unknown to the Grand Jury, to commit an offense against the United States of America: to distribute five (5) kilograms or more of a mixture or substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Count Five charges that beginning on a date unknown, and continuing up to and until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is narcotics trafficking as described in Count One, with the intent to conceal the nature, source, location, ownership, or control of proceeds of the specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds represented the proceeds of some form of unlawful activity. All in violation of Title 18, United States Code, Section 1956(h).

## II. FORFEITURE

Pursuant to Counts One and Five, Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1), the defendant stipulates, acknowledges and agrees to forfeit to the United States all right, title, and interest in the following:

1.  **Money Judgment** - the sum of $250,000, United States currency; said property constituting proceeds obtained directly as a result of violation of the offenses enumerated in Counts One and Five of this Indictment.

2. **General Forfeiture** - all rights, titles, and interest in all property, real or personal, constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses described in Counts One and Five of this Indictment and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations alleged in Counts One and Five of this Indictment, including,

(a) All that lot or parcel of land, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at Levittown Lakes in the Municipality of Toa Baja, Puerto Rico, more particularly described as: (i) PROPERTY: 6485 Recorded at page 146 of volume 97 of Toa Baja, Registry of the Property of Bayamon II; (ii) URBAN: Lot Number D-49 located at Levittown Lakes in the Municipality of Toa Baja, Puerto Rico, with an area of 342.966 square meters. Bounding by the North, in 14.50 meters with Marina Street in accordance to Plot Plan, Street Number 403; by South in 14.62 meters, with Paseo Colector in accordance with Plot Plan, public walk way; by East in 23.24 meters with lot 48; by West in 24.64 meters with lot 50; (iii) on this lot a concrete structure for residential purposes has been erected; and (iv) TRACT: It is segregate from property number 6,211 recorded at page 221 of volume 91 of Toa Baja.

(b) All that lot or parcel of land, together with its building, appurtenances, improvements, fixtures, attachments and easements, located at 1060 Calle Lealtad, San Juan, Puerto Rico 00907, more particularly described as: (i) PROPERTY: 6453 recorded at page 11 of volume 210 of Santurce Sur, First Section, Registry of the Property of San Juan; (ii) URBAN: Lot located on Street Lealtad at Santurce Ward (Gandul Sector) in the Municipality of San Juan, with a superficial area of 146.61 square meters. Its boundaries are by the North, 8.27 meters with

Street Lealtad; by the South, in three alignments for a total of 10.35 meters with the remnant of the main property from where it is segregated; by the East, in three alignments for a total of 15.37 meters with land property of Mr. Gerardo medina; by the West, in 18.44 meters with land property of Mr. Ricardo Caballero Vélez. On said lot enclave a single level wooden house with zinc roof identified with the number 1060 of Street Lealtad, measuring 7.00 meters wide by 7.15 meters deep, and on the back, another single level wooden house with zinc roof measuring 4.66 meters wide by 8.09 meters deep, and (iii) TRACT: It is segregated from property number 669, recorded at page 112 of volume 19 of Santurce Sur.

(c) All items and property listed in the Bill of Particulars filed in this case. See (Criminal No. 17-240 (CCC), ECF No. 235).

3. **Substitute Property** - If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## III. STATUTORY PENALTIES

The statutory penalty for Count One of the Indictment is a term of imprisonment of at least ten (10) years, but not more than life, and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $10,000,000.

The statutory penalty for Count Five of the Indictment is a term of imprisonment of not more than twenty (20) years, and a term of supervised release of not more than three (3) years. The Court may also impose a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

## IV. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines") is no longer mandatory and is now advisory. The defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines and Title 18, United States Code, Section 3551. The defendant is further aware that parole has been abolished and that the imposition of sentence may not be suspended.

## V. SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

## VI. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims, and agrees to execute a financial statement to the United States (OBD Form 500).

## VII. RULE 11(c)(1)(C) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the presentence report. If the Court rejects the Plea Agreement, the Court shall, on the record, inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the Plea Agreement. In addition, as part of the terms and conditions of the Plea Agreement, the parties agree that should the Court reject the Plea Agreement, the United States reserves the right to withdraw from its obligations under the Plea Agreement.

## VIII. STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for conspiring to possess with the intent to distribute at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

## IX. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree to the following Sentencing Guidelines calculations:

| SENTENCING GUIDELINES CALCULATION ||
|---|---|
| **GUIDELINE SECTION** | **LEVELS** |
| Base Offense Level [USSG §2D1.1(c)(4) and §2S1.1(a)(1)] | 32 |
| Defendant Convicted Under 18 U.S.C. § 1956 [USSG §2S1.1(b)(2)(B)] | 2 |
| Aggravating Role [USSG §3B1.1(c)] | 2 |
| Acceptance of Responsibility [USSG §3E1.1] | -3 |
| Offense Level | 33 |

## X. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate as to any Criminal History Category (CHC) for the defendant.

## XI. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to recommend a sentence of imprisonment of one hundred sixty-eight (168) months.

**The parties agree to recommend that the term of imprisonment imposed in this case run concurrently to the term of imprisonment imposed in Criminal No. 16-526 (FAB).**

## XII. WAIVER OF APPEAL

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one hundred sixty-eight (168) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the

term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## XIII. NO FURTHER ADJUSTMENTS OR DEPARTURES

. The United States and the defendant agree that no further adjustments or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement. Any request by the defendant for a sentence below the applicable guideline range will be considered a material breach of this Plea Agreement.

## XIV. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Francisco Rebollo-Casalduc, Esquire, and indicates that counsel has rendered effective legal assistance.

## XV. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

The defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

- a) If the defendant had persisted in a plea of not guilty to the charges, the defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

- b) If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of

the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d) At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e) At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## XVI. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## XVII. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authority.

## XVIII. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, or conditions will be entered into unless in writing and signed by all parties.

## XIX. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**José Capo-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Date: 3/12/19

_____
**Max Perez-Bouret**
Assistant United States Attorney
Chief, Narcotics Unit
Date: 3·12·19

_____
**José A. Contreras**
Assistant United States Attorney
Date: 3/12/19

_____
**Francisco Rebollo-Casalduc, Esq.**
Counsel for the Defendant
Date: 3-13-19

_____
**Humberto Concepcion-Andrades**
Defendant
Date: 3-13-19

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement and explained it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 3-13-19

_____
Humberto Concepcion-Andrades
Defendant

I am the attorney for the defendant and I have fully explained defendant's rights to the defendant with respect to the pending Indictment. Furthermore, I have reviewed the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, and have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 3-13-19

_____
Francisco Rebollo-Casalduc, Esq.
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the defendant, Humberto Concepcion-Andrades, agree that the following recitals provide a true and accurate summary of the facts leading to the defendant's acceptance of criminal responsibility for knowingly and intentionally conspiring to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846, and conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

The defendant was a member of a conspiracy that shipped kilograms of cocaine from Puerto Rico to the Continental United States (CONUS) through the Luis Muñoz Marín International Airport (LMMIA). During the course of the conspiracy, various smuggling methods were used to transport the cocaine through the LMMIA and facilitate getting the drugs past Transportation Security Administration (TSA) security undetected. Once in the CONUS, the narcotics were distributed by other members of the conspiracy. The defendant was a supplier of cocaine during the conspiracy. In that role, he acted as an organizer and leader.

The defendant also was a member of a conspiracy to commit money laundering. The defendant funneled narcotic proceeds through corporations and bank accounts in an attempt to conceal the nature, source, location, ownership, and control of the proceeds.

At trial, the United States would have proven beyond a reasonable doubt that the defendant, Humberto Concepcion-Andrades, is guilty as charged of Counts One and Five of the

Indictment by producing narcotics seized, bank records, corporation documents, photographs, and testimony of law enforcement officers and cooperating witnesses.

_____
José A. Contreras
Assistant United States Attorney
Dated: 3/12/19

_____
Francisco Rebollo-Casalduc, Esq.
Counsel for the Defendant
Dated: 3-13-19

_____
Humberto Concepcion-Andrades
Defendant
Dated: 3-13-19