IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>v.<br><br>HUMBERTO CONCEPCION-ANDRADES,<br>   Defendant. | CASE NUMBER:  16-526 (FAB) & 17-240 (FAB) |

**OBJECTIONS TO THE AMENDED PRESENTENCE INVESTIGATION REPORT**

**TO THE HONORABLE COURT**:

    **COMES NOW** the defendant, HUMBERTO CONCEPCION ANDRADES, and files his objections to the United States Probation Officer's *Amended Presentence Investigation Report* ("PSR").

    The undersigned reviewed the PSR and reported its informal objections to the Probation Officer in writing. While, Mr. Concepcion Andrades does not object to Part B, Part D, Part E, Part F, or Part G of the PSR, Mr. Concepcion Andrades objects to Part A. Specifically, paragraphs 26, 64, 65, 66, 67, and 68. Also, Mr. Concepcion Andrades respectfully objects to the probation officer's grouping of counts in the above-referenced cases under USSG § 3D1.2(d).

**Part A**

*The Offense Conduct in Cr. No. 17-240: Paragraphs 26 and 64-68*

    The defendant objects to the PSR's characterization of the offense conduct in case 17-CR-240. The section titled "The Offense Conduct in Cr. No. 17-240" (the "Section") attempts to characterize Mr. Concepcion-Andrades as the sole supplier of every shipment for which the drug trafficking organization ("DTP") operating from the Luis Muñoz Marin International Airport ("LMMIA") is responsible for under the purview of the indictment. Specifically, in paragraph 26, the PSR mischaracterizes Mr. Concepcion Andrade's role in the conspiracy by stating that "Humberto

Concepcion Andrades was the leader *and supplier of the DTO*." Amended PSR at 26. (Emphasis ours). Because the evidence provided by the government in discovery does not support this assertion and because the record is entirely devoid of evidence to show that Mr. Concepcion Andrades was the sole supplier of the DTO, the PSR should be amended accordingly.

Here, there is no information on the record from which the Court could conclude that Mr. Concepcion Andrades was the sole supplier of narcotics to the DTO. Specifically, while Mr. Concepcion Andrades is named by cooperators in some of the reports of investigations as a supplier of the DTO, these reports of investigations do not label Mr. Concepcion Andrades as the *sole* supplier. In fact, the Plea Agreement signed by Mr. Concepcion Andrades in case 17-CR-240 is telling inasmuch it directly contradicts the PSR's version of Mr. Concepcion Andrades role in the conspiracy. Notably, the Stipulation of Facts signed and adopted by both the defendant and the government in the Plea Agreement, which the Parties signed and adopted as "accurate in every respect" and understanding that the government would have proven those facts beyond a reasonable doubt at trial, states that "[t]he defendant was *a supplier* of cocaine during the conspiracy" and not *the* sole supplier of cocaine in the conspiracy. D.E. 584 at 9, 12. Therefore, other than the probation officers allegations in response to Defendant's informal objections to the PSR that he allegedly received information from the case agent regarding the defendant's role in the offense as the sole supplier of the conspiracy, the probation officer's statements in the aforementioned section of the PSR are wholly conclusory and completely unsupported by reliable evidence. *See* Addendum to PSR at 6.

Similarly, paragraphs 64, 65, 66, 67, and 68 of the Section tie Mr. Concepcion Andrades to specific shipments of drugs, despite the absence of evidence that these particular drugs that were seized were supplied by Mr. Concepcion Andrades. Again, the probation officer conveniently relies on information allegedly provided by the case agent, but there is no evidence in the record corroborating said information. Therefore, the defense hereby requests paragraph's 26, 64, 65, 66, 67, and 68 be

amended appropriately to eliminate the portions of the offense conduct that are unsupported by the evidence received during discovery or proffered by the Government.

### *Grouping of Counts*

Under the circumstances of this case, it is appropriate for each separate indictment count against Mr. Concepcion Andrades, in other words criminal case numbers 16-526 and 17-240, to be mutually considered as relevant conduct of each other. Thus, the defendant hereby objects the probation officer's grouping of counts in the PSR under USSG § 3D1.2(d).

Relevant conduct is "the range of conduct that is relevant to determining the applicable offense level" under the Guidelines Manual. See USSG §1B1.3 comment. Section 1B1.3(a)(2) provides broad rules for offenses that involve a pattern of misconduct that cannot readily be broken into discrete, identifiable units that are meaningful for purposes of sentencing. The term "relevant conduct" is a term of art that encompasses all acts and omissions that were part of the same "course of conduct or common scheme or plan as the offense of conviction." *See United States v. Pennue*, 770 F.3d 985, 992 (1st Cir. 2014) (citing USSG § 1B1.3(a)(2)). Under Section 1B1.3(a)(2), the defendant is liable not only for his acts or omissions involved in the preparation for, during, or in the course of avoiding detection for the offense of conviction, but also for the reasonable foreseeable conduct of others involved in jointly undertaken conduct within the scope of the criminal activity. *Id*.

Under the USSG, in order for two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as: common victims; common accomplices; common purpose; or similar modus operandi. *See*, e.g., *United States v. Valladares*, 544 F.3d 1257, 1268 (11th Cir. 2008) (separate health care fraud scheme involving nearly identical conduct was part of a common scheme or plan). Moreover, offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that

they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the following: similarity; regularity; and temporal proximity between the offenses.

To this point, the nature of the offenses is also a relevant consideration (for example, a defendant's failure to file tax returns in three consecutive years would be considered part of the same course of conduct because such returns are only required annually). *See*, e.g., *United States v. Phillips*, 516 F.3d 479, 483-84 (6th Cir. 2008) (possession of firearms four years prior to the instant offense was part of a common scheme or plan, when the elements of similarity and regularity were strong); *United States v. Jones*, 199 F. App'x 812, 816 (11th Cir. 2006) (fraud committed prior to a previous term of incarceration was in the same course of conduct as the instant offense, given the similarity in modus operandi).

In *United States v. Pennue*, where the defendant was convicted of passing altered obligations of the United States with intent to defraud and inducing the interstate transportation of currency with intent to defraud, the court held that the defendant's conduct in two separate "black money" schemes against separate victims was relevant to determine the applicable guideline sentencing range. 770 F.3d 985, 992 (1st Cir. 2014). To reach its conclusion, the Court found that the defendant's defrauding of the two separate victims were part of the same course of conduct because "each of the swindles took place in the same area and in the same time frame" and because "[t]hey shared many pertinent characteristics, including the methods used, the nature of the artifice employed, a common fraudster, a common accomplice, and a common modus operandi." *Id*. at 992-993. According to the Court, "[t]hose shared characteristics were sufficient to ground a finding that the gammons were cut from the same cloth and, thus, formed part of a pattern." *Id*. at 993.

Here, like *Pennue*, the record amply supports a conclusion that the conduct underlying both indictments against Mr. Concepcion Andrades are substantially similar. Both indictments involve narcotics trafficking through the LMMIA and both indictments involve the same modus operandi; namely that several smuggling methods were used by the members of the conspiracy to transport the cocaine through LMMIA and facilitate getting the drugs past the Transportation Security Administration (TSA) security undetected. In both cases, the drugs would then reach CONUS and they would be distributed by other members of the conspiracy. Also, the indictment in case number 16-526, alleges a temporal scope for the drug conspiracy between 2009 through December 2013, which is subsumed and a part of the temporal scope charged in case number 17-240 (beginning with "an undetermined date" through April, 2017). Thus, these shared characteristics between the conduct underlying both indictments are sufficient "to ground a finding that the gammons were cut from the same cloth and, thus, formed part of a pattern."

Ultimately, the defendant believes that the temporal proximity and similarity of the offenses that exists among the underlying conduct in both indictments strongly justifies the consideration of the conduct underlying these cases as relevant conduct of each other. As such, the PSR should be amended accordingly.

**WHEREFORE**, the defendant, HUMBERTO CONCEPCION ANDRADES, respectfully requests the Honorable Court to take notice of the above and order an amended PSR be filed and order any relief it deems appropriate in light of the circumstances.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

In San Juan, Puerto Rico, this June 10, 2019.

*s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
madt@mcvpr.com

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
jfmm@mcvpr.com

McCONNELL VALDES LLC
Attorneys for the Defendant
P.O. Box 364224
San Juan, PR 00936-4225
Telephone: 787-250-5641
Fax: 787-765-0505

*s/ Francisco Rebollo Casalduc*
Francisco Rebollo Casalduc
USDC No. 205603
P.O. Box 195571
San Juan, PR 0919
Tel. 787-765-0505
rebollolaw@gmail.com