# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

```
UNITED STATES OF AMERICA,        )        CRIMINAL CASE NOS.
   Plaintiff,                    )        16-526-6 (FAB)
                                 )        17-240-1 (FAB)
vs.                              )
                                 )
HUMBERTO A. CONCEPCION-ANDRADES, )
   Defendant.                    )
_____ )
```

TRANSCRIPT OF SENTENCING HEARINGS
HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Wednesday, June 12, 2019

APPEARANCES:

```
For the United States:   JOSE A. CONTRERAS, AUSA
                         United States Attorney's Office
                         Torre Chardón, Suite 1201
                         350 Carlos Chardón Street
                         San Juan, PR 00918


For the Defendant:       FRANCISCO REBOLLO-CASALDUC, ESQ.
                         Francisco Rebollo Casalduc Law Office
                         PO Box 195571
                         San Juan, PR 00919

                         JENNIE M. ESPADA-OCASIO, ESQ.
                         Espada Esquire Legal Services Psc
                         P.O. Box 13811
                         San Juan, PR 00908-3811

                         MARIA DOMINGUEZ-VICTORIANO, ESQ.
                         McConnell Valdes LLC
                         P.O. Box 364225
                         San Juan, PR 00936
```

Produced by mechanical stenography; computer-aided transcription

Joe Reynosa, CSR, RPR
Official Court Reporter

1          (PROCEEDINGS COMMENCED AT 10:00 A.M.)

2

3          THE CLERK:  Criminal Case Nos. 16-526 and 17-240,

4    United States of America versus Humberto A.

5    Concepcion-Andrades for Sentencing Hearings.

6          On behalf of the Government, Assistant United

7    States Attorney Jose A. Contreras.

8          On behalf of the Defendant, Attorneys Francisco

9    Rebollo-Casalduc, Maria Dominguez-Victoriano, and Jennie M.

10   Espada-Ocasio.

11         Defendant is present and assisted by the certified

12   court interpreter.

13         MR. CONTRERAS:  AUSA Jose Contreras on behalf of

14   the Government, Your Honor.  We are ready to proceed.

15         MS. DOMINGUEZ-VICTORIANO:  Good morning,

16   Your Honor.  Maria Dominguez on behalf of the Defendant,

17   Humberto Concepcion-Andrades.  We are ready to proceed with

18   sentencing.

19         With me are co-counsel.

20         MR. REBOLLO-CASALDUC:  Good morning, Your Honor.

21   Francisco Rebollo-Casalduc, also for Mr. Concepcion.

22         MS. ESPADA-OCASIO:  Good morning, Your Honor.  On

23   behalf of Humberto Concepcion-Andrades, Attorney Jennie

24   Mariel Espada for special appearance for mitigation purposes,

25   exclusively.

```
1            THE COURT:  Who will be arguing for Mr. Concepcion?
2            MS. DOMINGUEZ-VICTORIANO:  Your Honor, with the
3   Court's indulgence, I will be arguing the sentencing.  I
4   don't know if Ms. Espada at the end of my --
5            THE COURT:  Ms. Espada has a mitigation matter that
6   she would like to bring to the attention of the Court.
7            MS. DOMINGUEZ-VICTORIANO:  Yes.  Thank you.
8            THE COURT:  Is there any objection to the
9   pre-sentence investigation report?
10           MS. DOMINGUEZ-VICTORIANO:  Your Honor, we have
11  filed objections at docket entry 646.  I have nothing further
12  to add.
13           I would parenthetically advise the Court that those
14  objections, one does not affect the computation of the
15  sentence, and the other objection does not affect, does not
16  act as an impediment for the Court following the
17  recommendation in the plea agreement.  So we have nothing
18  further to add on that issue.
19           THE COURT:  I do want to say that there has already
20  been a decision by Judge Cerezo and by me that these cases
21  are not relevant to each other.
22           And the other objection, as to whether
23  Mr. Concepcion was the sole provider, as you say, it doesn't
24  really have any effect on the sentence as recommended.
25           MS. DOMINGUEZ-VICTORIANO:  Correct.
```

1      THE COURT:  Anything else?

2      MS. DOMINGUEZ-VICTORIANO:  No, Your Honor.

3      THE COURT:  Mr. Contreras.

4      MR. CONTRERAS:  I was just going to add,

5  Your Honor, I think procedurally we probably -- the way we

6  should proceed, if the Court agrees, is whether the Court

7  should maybe indicate whether or not it's going to accept the

8  plea agreement.  Because if you are not going to...

9      THE COURT:  Is there anything you would like to say

10  before I decide whether to accept it or not?

11      MR. CONTRERAS:  No, Your Honor.  I will wait for

12  that decision before providing my recommendation.

13      THE COURT:  Okay.

14      MS. DOMINGUEZ-VICTORIANO:  Would the Court like to

15  hear from the Defense before making a decision?

16      THE COURT:  I would like to hear from

17  Mr. Concepcion, please.

18      DEFENDANT CONCEPCION-ANDRADES:  Good morning.

19      I want to see if it's possible if you can allow me

20  to speak to my family for one moment.

21      THE COURT:  Of course.

22      DEFENDANT CONCEPCION-ANDRADES:  Good morning to all

23  of you.

24      First of all, I want to thank you for being here

25  and to have been here with me throughout this entire process,

1    which has been long and difficult.

2              During the time that I have been here, I have

3    learned to value life, and I have learned a lot about what is

4    good and what is bad.

5              I want to thank you all again for always being

6    here, supporting me and filling me with faith.

7              I have hope that this process will pass as quickly

8    as possible, and that I will then be able to be back with

9    you.

10             I ask you all to be strong, to take care of

11   yourself and each other, and that we will all move ahead,

12   move forward.

13             I love you, and that's all.  I love you.

14             THE COURT:  Anything else, Mr. Concepcion?

15             DEFENDANT CONCEPCION-ANDRADES:  Good morning,

16   Your Honor.

17             I also want to thank you for having taken the time

18   to study my case.  I want to tell you that I am more than

19   repentant for my acts, for my failures, and my mistakes.

20             I have learned a lot, and I know that I will

21   continue to learn during the time that I will spend in

22   prison.

23             So I just wanted to let you know that I know that

24   you will use your position to do the best -- the best

25   possible use, and that the sentence you impose will be fair

1   and reasonable.  And it will allow me to continue to learn

2   what it means to -- I can't find the words.

3            Aside from that, I want to ask for your forgiveness

4   for my acts, born of ignorance, and I leave it in your hands

5   to decide my future, and the future for my family.

6            Thank you.

7            MS. DOMINGUEZ-VICTORIANO:  Thank you, Your Honor.

8            First of all, I would like the Court to note that

9   Mr. Concepcion is accompanied today by various family

10  members.

11           I would ask that the family members that are here

12  please stand so the Court could see you all.

13           These include his mother, his brother, one of his

14  children, his wife, and other family members who are here

15  supporting Mr. Concepcion-Andrades today.

16           Your Honor, I know that the Court has reviewed both

17  the sentencing submission and also the PSR closely with

18  respect to the circumstances surrounding the offense and the

19  personal circumstances of the Defendant.

20           We would urge the Honorable Court to exercise its

21  sentencing discretion and impose the sentence that is

22  recommended pursuant to the plea agreement, that is, a

23  sentence of 168 months.

24           A sentence of 14 years, which represents the middle

25  of the guideline range, is a substantial sentence,

1   Your Honor.  It was a sentence that was negotiated over an

2   extended period of time, and it is a sentence that both

3   parties believe accurately captures the gravity of the

4   offense and the personal circumstances of the Defendant in

5   3553 sentencing factors.

6           I suggest to the Honorable Court that this is a

7   substantial sentence, adequate to punish the Defendant, and

8   to act as future deterrence, but not more than necessary to

9   comport with the sentencing objectives of the guidelines.

10          I would like to very briefly highlight certain

11  personal characteristics of the Defendant that are noted in

12  the PSR, Your Honor.  And I know that Your Honor, again, has

13  carefully reviewed those, so I will be brief in my comments.

14          Mr. Concepcion-Andrades is before the Court today

15  highly repentant, feeling very humbled by this experience,

16  and humiliated in the presence of his children and his family

17  members because of the mistakes that he has made in his life.

18  He is ready to accept his sentence.

19          He has suffered greatly, Your Honor, due to the

20  separation from his family, and struggles with the notion

21  that he has brought great suffering as a result of these

22  decisions to the ones that he loves the most, his wife and

23  his two children.

24          Humberto began his young adulthood as a hardworking

25  man, and the PSR makes reference to his long-standing and

1    stable employment history.  He has also been a dedicated

2    father, hoping to give his children the love and the

3    attention that he was denied by his own biological father.

4            As an adolescent, residing in the Los Rios Housing

5    Project, he was exposed to all of the negativity that housing

6    projects bring; poverty, unemployment, substance abuse, and

7    crime.  And, regrettably, since the age of 15, he began

8    consuming alcohol, eventually escalating to a drinking

9    problem.  He also began to experiment with marijuana and

10   unprescribed Percocet.

11           This is the Defendant's first brush with the law.

12   This unfortunate and life-altering event has caused him to

13   deeply reexamine his life and to contemplate his mistakes in

14   choices.

15           Your Honor, Humberto is usually very eloquent.  I

16   know that today he is highly anxious and very nervous.  And I

17   can assure the Court that he has pledged to us, and that we

18   are certain that he will never reoffend, and that when he

19   recovers his freedom, he dedicate his time and efforts to his

20   children and his family.  He is anxious to reclaim his place

21   in the free community and to make amends for his wrongs.

22           He is a bright and talented young man who one day

23   dreamed of becoming an engineer.  He wasn't able to complete

24   his college studies due to financial hardships, but he has,

25   Your Honor, much to contribute to society and plans to use

1  his aptitudes for the benefit of the world when he is given

2  his chance to redeem himself and regain his freedom.

3        That would be all, Your Honor.

4        THE COURT:  Mr. Rebollo or Ms. Espada, is there

5  anything you would like to say?

6        MS. ESPADA-OCASIO:  Very briefly, Your Honor.  We

7  do not want to be repetitive.

8        However, we would like certain clarifications

9  because -- well, first of all, as Your Honor knows when

10 people are in the special housing unit, they wear orange, but

11 it is --

12       THE COURT:  I know that he comes from Bayamón.

13       MS. ESPADA-OCASIO:  Exactly.

14       So it's really important that Your Honor knows that

15 he has had not even a shred of an administrative admonishment

16 at MDC.

17       Contrary to that, he has been very productive and

18 hardworking.  Mr. Rodriguez, probation officer, can actually

19 tell you that he has an "outstanding" in every area

20 evaluation from MDC, that we showed him during the

21 pre-sentence interview.

22       This in itself should give you, Your Honor, a clue

23 as to where this young man's mentality is at.  He did what he

24 did, and he is here because he intends to pay his full debt

25 to society with a lengthy and substantial sentence,

1  considering that he is a first-offender and that he is

2  highly -- he has all the elements of judgment for him to be

3  rehabilitated in the necessary span of time that this Court

4  determines according to the recommendations.

5          But that is something that we want Your Honor to

6  keep in mind; that this person has not had any administrative

7  sanctions, that he has worked.  He was working in the kitchen

8  up until the day that he was removed to 705, to Bayamón 705.

9          Your Honor, furthermore, Ms. Dominguez did not

10  explain that, not only was the hardship financial but, also,

11  because Mr. Concepcion and Ms. Monegro, his wife, his legal

12  wife, had a teenage pregnancy.  And that in itself

13  complicated both of their lives immensely, to the point where

14  Mr. Concepcion-Andrades opted to turn his back on all the

15  values that his mother, Doña Eladia, who is present here

16  today, taught him and instilled in all her children; that you

17  abide by the law, that you are hardworking, and that you hold

18  steadfastly to your faith.

19          We included a paragraph from one of the letters

20  that Eladia sent Alex.  That's how she calls him, because his

21  second name is Alejandro.  And we wanted to share that with

22  the Court because, for Mr. Concepcion, it was serendipitous.

23          That letter from his mom effected a change in him,

24  effected a change in his attitude.  Whereas, in the first

25  part of the case, he was in flat denial.  He started

1   internalizing his wrongdoing.  And, furthermore, he started

2   internalizing how his actions hurt people that he loved, how

3   his actions hurt innocent people.

4           He won't be able to be in his son's graduation

5   ceremony.  And, furthermore, his son is not here today

6   because he is so distraught and so psychologically affected

7   by this that he is standing by the phone for us to call him

8   and tell him what happened, Your Honor.  And I think that is

9   a telling detail of this family's drama.

10          And with that, Your Honor -- we do not want to be

11  repetitive, and Ms. Dominguez was very thorough with her

12  statements.  So we that, our request, Your Honor, is that a

13  recommendation of Bennettsville, South Carolina, for

14  designation.  It has good technical and mechanical programs,

15  which he intends on having these years become a university

16  for him, because he will be a newer and reborn Alex when he

17  comes out.

18          And all his family, everybody here, I have no doubt

19  in my mind that they will be there at the airport when he

20  arrives, and that they will provide their full support in

21  order for his reintegration to society be as smooth and as

22  productive as possible.

23          Thank you, Your Honor.

24          THE COURT:  Mr. Contreras.

25          MR. CONTRERAS:  If I may be heard, Your Honor,

1    briefly.

2              THE COURT:  Of course.

3              MR. CONTRERAS:  I would like to start off by

4    saying, I ask the Court not to interpret anything that I am

5    about to say as asking the Court to issue a sentence, impose

6    a sentence higher than what we are asking.  It's very

7    important that I say this because Defense has painted a

8    picture of a person who makes you wonder why we are even

9    here.  They paint a picture of a person who -- if you just

10   take their words, you are confused on why we are here.

11             Well, let me show you the other side of the coin.

12   And I repeat, the Government stands by the recommendation in

13   the plea agreement, and nothing we say at this time should be

14   interpreted as to the contrary.

15             This Defendant, Your Honor, during the periods

16   mentioned in both indictments, was the -- not one of -- was

17   the largest supplier of cocaine in Puerto Rico.  Undisputed.

18   This Defendant had so much cocaine, he had it stockpiled.

19   This Defendant had so many kilos of cocaine, he would control

20   the price of cocaine.  He would determine how many kilos to

21   release and how many kilos to hold back to control the price.

22   That is this Defendant.

23             This Defendant knew what he was doing.  He knew

24   what he was doing when he was making trips to Dubai with drug

25   money; when he was purchasing Porsche Cayennes,

1   Mercedes Benz, and other vehicles; when he was purchasing

2   taxi companies to launder his money, purchasing properties

3   from drug proceeds.  He knew what he was doing.

4         The Government does not have one cooperator that

5   doesn't talk about Alex Careta, Cabezon.  Everyone knew him.

6         What happened with him, Your Honor, is that, as he

7   became bigger, he became smarter, and he didn't expose

8   himself as much.  But during his early years, during his

9   up-and-coming years, he was very active in the drug business,

10   so he became very well known.  But as he became bigger, he

11   limited who he spoke to and who he associated with.

12         I have personally spoken to tons of cooperators.  I

13   have spoken to scared cooperators, male cooperators, female

14   cooperators, who have talked about his business, his person

15   life and his drug business, about his financial situation,

16   about things that he has told them, about how he has bragged

17   that he has been involved in the importation and distribution

18   of tons -- and the word "tons" came from the Defendant, not

19   from me -- tons of kilograms of cocaine, he assumes; how he

20   stockpiled the cocaine, and how he hides his millions.

21         Why then, you may ask, Your Honor, such a low

22   offer?  Both parties are recommending 14 years, 168 months,

23   and I provide the follow reason, Your Honor:

24         If we had gone to trial with this Defendant, I

25   would have had to present many cooperators that are scared.

1  And I am not saying their fears are justified, I am not

2  saying they are threatened, but, nonetheless, scared.  And we

3  are talking about 10 to 20 cooperators the Government would

4  had to have publicized.

5          So, by reaching this plea agreement, we don't have

6  to do that, because they don't know who our cooperators are.

7  They might speculate, but there is no way they know who all

8  of them are because they are scattered around the world.

9          They are not all in Puerto Rico.  We have scattered

10  them around the world.  He may speculate, but there is no way

11  he is going to figure all of them out.

12          So that's a huge benefit to the Government, which

13  was worth this low offer.

14          Second, we reached a forfeiture agreement that the

15  Government believes is beneficial.  We have a $250,000 money

16  judgment.  This Defendant agrees to forfeit two properties,

17  and he will not dispute any of the personal property we

18  seized during his arrest, which, depending on who you speak

19  to, it's valued from anywhere from $50,000 to $100,000, which

20  is a huge benefit to the Government.

21          And, finally, Your Honor, the expense of trial.  As

22  comparison, next Monday I anticipate the trial of Defendant

23  No. 8 will take me no more than one week.  Had this Defendant

24  gone to trial on just that case, which is the 16-526 case,

25  Your Honor, that would have added a good two weeks to the

trial.  In the trial for 17-240, that would have been a good
month or two.

     So the Government has saved two months worth of
expenses dealing with a jury trial against this Defendant.
So, even though I have, honestly, and based on the evidence
that I have, represented his role in this offense, we still,
nonetheless, ask that you sentence him pursuant to the plea
agreement that both parties have signed.

     Thank you.

     MS. DOMINGUEZ-VICTORIANO:  May I briefly respond,
Your Honor?

     THE COURT:  Of course.

     MS. DOMINGUEZ-VICTORIANO:  First of all,
Your Honor, the Government is making certain factual
representations, but those representations were not accepted
and are not included in the stipulation of facts as to each
of these plea agreements.  So, we have no way of testing
those allegations, and, certainly, our client would refute
that that is the case.

     But, be that as it may, Your Honor, we are here
before the Court with a negotiated sentence that the
Government and the Defense have negotiated over an extended
period of time in which both parties believe, under the
totality of the circumstances of this case, is fair.

     I would note, Your Honor, parenthetically, that

1    usually when Defendants of this stature, as alleged by the

2    Government, in drug trafficking cases come before the Court,

3    there is very, very frequently an element of violence.  And

4    as you will know, our client is not charged with any firearms

5    charges, and there has been no allegation that he has been

6    involved in any violence.

7          I have certainly seen throughout my career in this

8    District that there have been drug traffickers who are

9    involved in acts of violence, including acts -- participation

10    in acts that resulted in murder at the state level, who have

11    received similar sentences.

12          Clearly, Your Honor, as the Court is well aware --

13    I know Your Honor is not disingenuous with the way

14    cooperation agreements work -- there are cooperators that are

15    truthful, there are cooperators that are not truthful, and

16    then there are cooperators who hyperbolize the facts.

17          We do not have any of the cooperators before us.

18    We are not able, therefore, to test the credibility, but I do

19    agree with the Government that there is a definite value to

20    the Government not having to expose these cooperators and to

21    the Government not having to incur in the substantial expense

22    of a public trial in this case.

23          So, for all of those reasons, and also for the

24    reasons that were put on the record earlier by both

25    Ms. Espada and myself, we would urge the Court to please

1  follow the recommendation of the plea agreement and sentence

2  the Defendant to 168 months.

3        MR. CONTRERAS:  Judge, I apologize.  I was not

4  going to mention this, but as an officer of the court, I

5  must.  I cannot let something that I have information on

6  stand unanswered.

7        But for Ms. Dominguez saying this, I would not say

8  what I am about to say.  She stated that there is no

9  allegations of violence, no acts of violence.  While -- that

10  is not completely correct.  We have not provided the Defense

11  with discovery on this.  I have mentioned it orally, but not

12  provided discovery on this.

13        While this case has been pending and while this

14  Defendant has been detained at MDC, he was representing

15  orally that he was going to kill any witness that testified

16  at his trial.  I have spoken to a person who heard that

17  statement.

18        Again, whether that person is credible or not is a

19  separate matter.  But what I am representing to the Court, I

20  have spoke to a witness that states he heard this Defendant

21  say, while at MDC, not at Bayamón, that he would kill any

22  witness that testified at his trial.

23        Second, Your Honor, the witnesses -- while this

24  Defendant is not charged with a 924(c) in either indictment,

25  many cooperators say that during the conspiracy period they

1    observed him armed.

2              MS. DOMINGUEZ-VICTORIANO:  Okay.  Your Honor, one

3    final counter on the record.

4              We don't want to run afoul of rules of due process

5    and have this sentence depend on uncharged conduct and

6    unsubstantiated allegations.  We vigorously refute that

7    representation.

8              I don't doubt Mr. Contreras has received that

9    information.  I assure the Court that that is absolutely

10   untrue.  That whoever made that specious allegation, an

11   unidentified source that we are unable to challenge, that

12   that is absolutely not true.

13             And I think it is very telling that the Government

14   did not act on that information.  And had it been credible

15   and had it been able to be substantiated, they would have

16   been forward and would not have stood idly by to such a

17   serious threat.

18             THE COURT:  Well, I have read the pre-sentence

19   investigation report with detention, I have read the

20   sentencing memoranda, I have read Ms. Espada's mitigation

21   memorandum, I have listened to counsels and the Prosecution's

22   arguments today, and I have certainly listened to

23   Mr. Concepcion's allocution.

24             Having considered all that, I am going to accept

25   the plea agreement and sentence Mr. Concepcion accordingly.

1       On March 13, 2019, Defendant Humberto

2  Concepcion-Andrades pled guilty to Count One of the

3  indictment in Criminal Case No. 16-526, which charge a

4  violation of Title 21, United States Code sections 841(a)(1)

5  and 841(b)(1)(A), conspiracy to possess with intent to

6  distribute at least 50 but less than 150 kilograms of

7  cocaine, which is a class A felony.

8       He also pled guilty to Counts One and Five of the

9  indictment in Criminal Case No. 17-240, which charge

10  violations of Title 21, United States Code sections 841(a)(1)

11  and 841(b)(1)(A), conspiracy to possess with intent to

12  distribute at least 15 but less than 50 kilograms of cocaine,

13  and a violation of Title 18, United States Code section

14  1956(h), money laundering derived from an unlawful drug

15  activity, which is a class C felony.

16       The November 1st 2018 Edition of the Sentencing

17  Guidelines Manual has been used to calculate the guideline

18  adjustments pursuant to the provisions of guideline section

19  1B1.11(a).

20       Counts One in Criminal Cases 16-526 and 17-240, and

21  Count Five in Criminal Case 17-240 were grouped together for

22  offense level computation pursuant to sentencing guideline

23  section 3D1.2(d).

24       Based on the provisions of guideline sections

25  2D1.1(c)(3) and 2S1.1(a), a base offense level of 34 has been

1    determined for those counts because Mr. Concepcion has been

2    convicted of conspiracy to possess with intent to distribute

3    at least 50 but less than 150 kilograms of cocaine.

4         Because he was also convicted pursuant to Title 18,

5    United States Code section 1956, the base offense level is

6    increased by two levels pursuant to sentencing guideline

7    section 2S1.1(b)(B).

8         Because he was an organizer, leader, manager, or

9    supervisor in the criminal activities, the base offense level

10   is increased by two more levels pursuant to sentencing

11   guideline section 3B1.1(c).

12        Because Mr. Concepcion timely accepted

13   responsibility for his offenses, however, the offense level

14   was reduced by three levels pursuant to guideline sections

15   3E1.1(a) and 3E1.1(b).

16        There are no other applicable guideline

17   adjustments.  His total offense level is 35.

18        Mr. Concepcion has no prior convictions, which

19   places him in Criminal History Category I.

20        Based on a total offense level of 35 and a Criminal

21   History Category of I, the guideline imprisonment range for

22   Mr. Concepcion's offenses is from 168 to 210 months.

23        There is a fine range of $40,000 to $10 million,

24   plus a supervised release term of at least 10 years as to

25   Counts One in Criminal Case Nos. 16-526 and 17-240, and not

more than three years as to Count Five in Criminal Case

No. 17-240.

      The probation officer has correctly applied the

guideline computations, and the pre-sentence investigation

report satisfactorily reflects the components of

Mr. Concepcion's offenses by considering their nature and

circumstances.

      The Court has also considered the other sentencing

factors set forth in Title 18, United States Code

section 3553(a).

      Mr. Concepcion is 39 years old.  He has a high

school education, owned a taxi company, an event production

company, and was a partner in his wife's pharmaceutical

industry company prior to his arrest for his offenses.

      He has a history of daily use of marijuana,

Percocet and alcohol, for which he has not received

treatment.

      He participated in a conspiracy that trafficked

thousands of kilograms of cocaine, which exposed him to life

imprisonment.

      The parties agreed on a sentence of 168 months in

both cases, to be served concurrently with each other.

      The Court finds that the sentence to which the

parties agreed reflects the seriousness of the offenses,

promotes respect for the lawn, protects the public from

1    further crimes by Mr. Concepcion, and addresses the issues of

2    deterrence and punishment.

3            Accordingly, it's the judgment of the Court that

4    Humberto Concepcion-Andrades is committed to the custody of

5    the Bureau of Prisons to be imprisoned for a term of

6    168 months as to each count, to be served concurrently with

7    each other.

8            Upon release from confinement, Mr. Concepcion shall

9    be placed on supervised release for a term of five years as

10   to Count One in Case No. 16-526 and Count One in Case

11   No. 17-240, and three years as to Count Five in Case

12   No. 17-240, to be served concurrently with each other, under

13   the following terms and conditions:

14           He shall observe the standard conditions of

15   supervised release recommended by the United States

16   Sentencing Commission and adopted by this Court.

17           He shall not commit another Federal, State, or

18   local crime.

19           He shall not possess firearms, destructive devices,

20   or other dangerous weapons.

21           He shall not possess controlled substances

22   unlawfully.

23           He shall participate in vocational training and a

24   job placement program as recommended by the probation

25   officer.

1    Ms. Dominguez, did you say that he was interested

2  in taking college level courses?

3    MS. DOMINGUEZ-VICTORIANO:  I believe that

4  Ms. Espada had indicated that, yes, Your Honor.

5    THE COURT:  So I will make that as a recommendation

6  or as a condition of supervised release.

7    He shall provide the probation officer access to

8  any financial information upon request.

9    He shall cooperate in the collection of a DNA

10  sample as directed by the probation officer pursuant to the

11  revised DNA collection requirements and Title 18, United

12  States Code section 3563(a)(9).

13    He shall submit himself and his property, house,

14  residence, vehicles, papers and effects, computers and other

15  electronic communication or data storage devices or media to

16  a search, at any time, with or without a warrant, by the

17  probation officer and, if necessary, with the assistance of

18  any other law enforcement officer, but only in the lawful

19  discharge of the supervision functions of the probation

20  officer, who must have a reasonable suspicion of unlawful

21  conduct or of a violation of a condition of supervised

22  release.

23    The probation officer may seize any electronic

24  communication or electronic device or medium, which will be

25  subject to further forensic investigation or analysis.

1       Failure to permit a search and seizure may be
2  grounds for revocation of supervised release.
3       Mr. Concepcion shall warn any other resident or
4  occupant that his premises may be subject to searches
5  pursuant to this condition.
6       He shall not possess or use controlled substances
7  unlawfully and shall submit to a drug test within 15 days of
8  release from imprisonment.
9       After his release, he shall submit to random drug
10  testing, not less than three samples during the supervision
11  period, but not more than 104 samples each year, in
12  accordance with the Drug Aftercare Program Policy of the
13  United States Probation Office, as has been approved by this
14  Court.
15       He shall participate in an approved substance abuse
16  monitoring or treatment services program.
17       If deemed necessary, any treatment will be arranged
18  by the probation officer in consultation with the treatment
19  provider.
20       Mr. Concepcion shall contribute to the cost of
21  those services in an amount arranged by the probation officer
22  based on his ability to pay or the availability of payments
23  by third parties.
24       Having considered Mr. Concepcion's financial
25  condition, a fine of $40,000 is imposed.

1       A special monetary assessment in the amount of $100

2   per count is imposed as required by law, for a total of $300.

3       Mr. Concepcion, you have entered into a plea

4   agreement in which you waived your right to appeal your

5   conviction and sentence.  That waiver is enforceable.  But if

6   your waiver is not enforceable, you may present that argument

7   to the Appellate Court.

8       A notice of appeal must be filed within 14 days of

9   when the judgment will be entered.

10      If you are unable to pay the cost of an appeal, you

11  may apply for leave to appeal *in forma pauperis.*

12      If you request it, the Clerk of the Court will

13  prepare and file a notice of appeal on your behalf.

14      The forfeiture will be made part of the record.

15      I will recommend that Mr. Concepcion be designated

16  to the institution in Bennettsville, South Carolina; that he

17  participated in any vocational training at the institution;

18  that he take any college level courses available at the

19  institution; and that he take courses in English as a Second

20  Language.

21      Is there anything else?

22      MS. DOMINGUEZ-VICTORIANO:  Yes, Your Honor.

23      We also request that the Defendant be considered

24  and evaluated for the drug and alcohol treatment program

25  while incarcerated.

1          THE COURT:  I will recommend that also, the

2    500-hour drug and alcohol treatment program offered by the

3    Bureau of Prisons.

4          Mr. Contreras.

5          MR. CONTRERAS:  Yes, Your Honor.  A couple of

6    things, Your Honor.

7          First question is, the fine will be imposed in

8    which case?  The fine, which case will that be for?  17-240

9    would be the logical choice, Your Honor.

10          THE COURT:  Okay.  We will impose it in that case,

11    17-240.

12          MR. CONTRERAS:  Second, Your Honor, if we could ask

13    the Defense relay it on the record.  It's the Government's

14    position that the fact that the Court has imposed a fine does

15    not contradict the plea agreement.  Given this was a type C

16    plea agreement, if the Defense could place their position on

17    the record whether or not they believe that the Defendant now

18    has the right to withdraw his plea.

19          It's our position, no, because if you look at page

20    5 of 13, paragraph VI of the plea agreement, the parties did

21    not discuss a fine.  So it's our position that Defendant does

22    not have the right to withdraw his plea under the type C

23    agreement.

24          But if the Defense could please put their position

25    on the record for possible appeal purposes.

```
 1             THE COURT:  Ms. Dominguez.

 2             MS. DOMINGUEZ-VICTORIANO:  Your Honor, obviously,

 3   that's something that we are going to need to confer with the

 4   client.  But at this time, we are asking for the Court

 5   further remedy.

 6             THE COURT:  Okay.

 7             MR. CONTRERAS:  Your Honor, this is a problem

 8   because to withdraw the plea would be now.  It's not later

 9   on, once the judgment has been issued.  They have to decide

10   now.  They don't -- the type C plea means you decide now at

11   sentencing.  You don't decide later on.

12             If they want ten minutes to sit with him, we have

13   no objection, but they have to decide now.

14             MS. DOMINGUEZ-VICTORIANO:  Then, Judge, we would

15   ask for a few minutes to confer with the client, if the Court

16   would allow that.

17             THE COURT:  Okay.  Sure.

18             MR. CONTRERAS:  Thank you.  That makes sense.

19             And we have other items, but we will wait for their

20   answer on that, Your Honor.

21             (Whereupon, an off-the-record discussion was held

22   between the Defendant and Defense Counsel.)

23             MS. DOMINGUEZ-VICTORIANO:  With the Court's

24   indulgence, we have had an opportunity, with both

25   Mr. Rebollo, Ms. Espada and myself, to speak with the
```

1  Defendant briefly regarding the imposition of a fine, which

2  is not contemplated in the plea agreement.

3          As the Court is aware, the plea agreement has a

4  complex forfeiture component to it that has been agreed to by

5  the parties.  The Defendant is electing not to withdraw his

6  plea of guilty at this time based on the imposition of the

7  fine.

8          I will alert the Court that his concern is whether

9  he will have the ability to pay the fine when he is on

10 supervised release.

11         I have explained to him that there is no debtors

12 prison, that he would have to show in good faith that he does

13 not have the financial ability to pay, but he accepts the

14 Court's sentence as pronounced.

15         THE COURT:  Thank you.

16         Mr. Concepcion, is that your position?

17         DEFENDANT CONCEPCION-ANDRADES:  Yes.

18         THE COURT:  Mr. Contreras, anything else?

19         MR. CONTRERAS:  Your Honor, just these final two

20 items, which are housekeeping matters.

21         We just request that the $250,000 money judgment

22 that the Court issued at docket 610 be part of the judgment,

23 and that the forfeiture order at docket 609 also be made part

24 of the judgment.

25         THE COURT:  I said that the forfeiture would be

1   made part of the judgment, including the money judgment.

2           MR. CONTRERAS:  Exactly.  Because there were two

3   separate orders at docket 609 and docket 610.

4           MS. DOMINGUEZ-VICTORIANO:  We have no objection to

5   that.

6           THE COURT:  Anything else?

7           MS. DOMINGUEZ-VICTORIANO:  No, Your Honor.

8           THE COURT:  You are excused.

9           MS. DOMINGUEZ-VICTORIANO:  That would be all.

10   Thank you, Your Honor.

11

12           (PROCEEDINGS ADJOURNED AT 10:45 A.M.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1          REPORTER'S CERTIFICATE

2

3          I, JOE REYNOSA, Official Court Reporter for the

4   United States District Court for the District of Puerto Rico,

5   appointed pursuant to the provisions of Title 28, United

6   States Code, Section 753, do hereby certify that the

7   foregoing is a true and correct computer-aided transcript of

8   proceedings had in the within-entitled and numbered cause on

9   the date herein set forth; and I do further certify that the

10  foregoing transcript has been prepared by me or under my

11  direction.

12

13

14

15

16

17
                         S/Joe Reynosa
18                    _____

19                    **JOE REYNOSA, CSR, RPR**
                      United States Court Reporter
20                    Federico Degetau Federal
                      Building, Room 150
21                    150 Carlos Chardón Street
                      San Juan, Puerto Rico 00918-176
22                    (787) 772-3000

23

24

25